IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| US INCOME PARTNERS, LLC<br>3445 Winton Place, Suite 228<br>Rochester, New York 14623<br><br>*Plaintiff*,<br><br>vs.<br><br>CH REALTY X-HILLTOP MF TAMPA MYSTIC POINTE HOLDINGS, L.L.C.<br>3819 Maple Avenue<br>Dallas, TX 75219<br><u>Serve on Resident Agent</u>:<br>Corporation Service Company<br>1201 Hays Street<br>Tallahassee, Florida 32301<br><br>ACORE CAPITAL MORTGAGE, LP<br>80 E. Sir Francis Drake Boulevard, Suite 2A<br>Larkspur, California 94939<br><u>Serve on Resident Agent</u>:<br>CT Corporation System<br>1200 South Pine Island Road<br>Plantation, Florida 33324<br><br>JLL REAL ESTATE CAPITAL, LLC<br>2177 Youngman Avenue<br>St. Paul, Minnesota 55116<br><u>Serve on Resident Agent</u>:<br>United Agent Group Inc.<br>801 Us Highway 1<br>North Palm Beach, Florida 33408<br><br>*Defendants*,<br><br>CYPRESS POINTE FL HOLDINGS, LLC<br>5360 Genesee Street, Suite 201<br>Bowmansville, New York 14026<br><br>*Nominal Defendant*, | **Index No.** _____ |

MYSTIC POINTE FL, LLC
5360 Genesee Street, Suite 201
Bowmansville, New York 14026

*Nominal Defendant.*

# COMPLAINT

Plaintiff US Income Partners, LLC ("US Income Partners"), by and through undersigned counsel, as and for its Complaint against Defendants CH Realty X-Hilltop MF Tampa Mystic Pointe Holdings, L.L.C. ("CH Realty"), Acore Capital Mortgage, LP ("Acore"), JLL Real Estate Capital, LLC ("JLL"), and Nominal Defendants Cypress Pointe FL Holdings, LLC ("Cypress Pointe") and Mystic Pointe FL, LLC ("Mystic Pointe" and, collectively with "Cypress Pointe," the "Nominal Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. This action – the latest in a series of cases involving US Income Partners, Nominal Defendants, and other related entities and individuals – was made necessary by yet another brazen maneuver by the Nominal Defendants to make themselves judgment proof during pending litigation. This time, at issue is the purported "sale" of the real property located in this district at 2670 Aventura Boulevard and 2770 Mystic Pointe Pkwy, Land O'Lakes, Florida 34638 ("Property") – the lone asset available to satisfy an unpaid $10 million promissory note that Nominal Defendant Cypress Pointe signed in favor of US Income Partners on May 9, 2018 (the "Note").[1] Nominal Defendant Cypress Pointe's current liability to US Income Partners in

---

[1] US Income Partners shall refer in this Complaint to the purported sale of the Property as the "sale" or "Sale Transaction" because the Florida land records reflect that a sale has occurred; however, US Income Partners challenges the validity of that sale and, by this action, seeks to have it set aside, among other remedies.

2

connection with the Note exceeds $30 million, inclusive of unpaid principal, interest, expenses, and fees.

2.      Nominal Defendant Cypress Pointe sold the Property – ***without the requisite authority to do so*** – to Defendant CH Realty.  In order to induce US Income Partners to loan the $10 million pursuant to the Note, the former members of Nominal Defendant Cypress Pointe assigned 100% of their membership interests to US Income Partners.  After defaulting on the Note, US Income Partners became the rightful owner of the membership interests of Nominal Defendant Cypress Pointe and had sole right to control of the entity and all decisions regarding disposition of the Property.  Instead, without notifying US Income Partners, the Nominal Defendants secretly sold off the Property to Defendant CH Realty and siphoned away the proceeds.

3.      The sale, which was not for fair market value, violated the provisions of the Note, leaving Nominal Defendant Cypress Pointe virtually insolvent, and constitutes a fraudulent transfer.

4.      The sale also comes on the heels of numerous other unlawful transfers of hundreds of millions of dollars in assets and property by the Nominal Defendants to related entities that they own and control in an effort to avoid repaying a debt to US Income Partners of more than $30 million (the "Debt").

5.      This saga began when Nominal Defendant Cypress Pointe breached its contract with US Income Partners by failing to repay the Note, and US Income Partners filed suit – *US Income Partners, LLC v. Cypress Pointe FL Holdings, LLC, et al.* (Supreme Court of New York, Monroe County, Index No. E2020002755, and, hereinafter, "Original Action") – which is still pending in New York.  In its operative, Second Amended Complaint, US Income Partners asserted claims for: breach of contract against Nominal Defendant Cypress Pointe (for multiple breaches

3

of the Note, including but not limited to failing to re-pay, making various unauthorized amendments to the Cypress Pointe Operating Agreement, and making various unauthorized assignments of membership interests); breach of contract against those entities that executed an "absolute and unconditional" Guaranty related to the Note, dated May 9, 2018 ("Guaranty") (for failing to re-pay the Note); and (in the alternative) breach of contract against Nominal Defendant Cypress Pointe and its original members (for failing to acknowledge transfer of ownership of the membership interests in Nominal Defendant Cypress Pointe to US Income Partners after multiple breaches of the loan documents pursuant to Assignments of Membership Interests in Nominal Defendant Cypress Pointe dated May 9, 2018).

6.  The parties to the Original Action submitted summary judgment briefing in November 2022. The court in New York then reopened discovery (at Nominal Defendant Cypress Pointe's request) as a result of US Income Partners' claim that certain entities had engaged in a series of unauthorized assignments of their membership interests in Nominal Defendant Cypress Pointe.

7.  US Income Partners demanded, and Nominal Defendant Cypress Pointe ultimately (and purportedly) produced additional testimony and documents confirming these unauthorized transfers. After the completion of the second round of discovery, the parties submitted supplemental summary judgment briefing in May and August of 2024.

8.  While awaiting the court's decision on summary judgment, US Income Partners learned that the Nominal Defendants had fraudulently misrepresented the value of Nominal Defendant Cypress Pointe and unlawfully transferred millions of dollars in assets and property to entities they own and control in an attempt to avoid paying the Debt. Based upon these findings, US Income Partners initiated two related proceedings to recover fraudulent conveyances: *US*

*Income Partners, LLC v. Ronald Toski, et al.*, Supreme Court of New York, Monroe County, Index No. E2024017730; and *US Income Partners, LLC v. Robert C. Morgan, et al.*, Supreme Court of New York, Monroe County, Index No. E2024017729.

9. Then, in early March 2025, US Income Partners became aware of additional distressing news that made the instant case necessary. Specifically, US Income Partners learned that Nominal Defendants sold their one and only asset that is the subject of this litigation – the Property – to Defendant CH Realty by way of a Special Warranty Deed ("Sale Transaction"). *See* Special Warranty Deed, attached hereto as **Exhibit A**. US Income Partners was forced to initiate another action against the Nominal Defendants in New York for this unauthorized sale: *US Income Partners, LLC v. Cypress Pointe FL Holdings, LLC, et al.,* Supreme Court of New York, Monroe County, Index No. E2025008733.

10. The Special Warranty Deed, filed in Florida, was prepared by Nominal Defendant Cypress Pointe's counsel of record in the Original Action, who thus facilitated the Sale Transaction despite being fully aware of the (i) pending claims against Nominal Defendant Cypress Pointe, (ii) Assignments of Membership Interests giving US Income Partners the sole right to control of the entity and all decisions regarding disposition of the Property, and (iii) Nominal Defendant Cypress Pointe's other contractual obligations that were clearly violated.

11. The Special Warranty Deed reflects the Sale Transaction was for a mere $10, despite the fact that Florida land records indicate the Property was sold for $62 million. *See* Land Records, attached hereto as **Exhibit B**. Thus, either the Property was not sold for fair consideration, or Nominal Defendant Cypress Pointe has left the entity with no tangible assets and, upon information and belief, the proceeds from the Sale Transaction have been secreted to the individual members of the Nominal Defendants.

12. On May 22, 2024, to effectuate the Sale Transaction, Defendant Acore assigned to Defendant JLL, the more than $40 million mortgage that was secured by the Property. Defendants Acore and JLL's conduct allowed the Nominal Defendants to secretly transfer the Property without notice to US Income Partners or payment of any kind. Defendant JLL paid no consideration to Defendant Acore for the assignment and no documentary stamp taxes were paid in the Sale Transaction.

13. This Sale Transaction violates the parties' contractual agreements and, furthermore, is a highly improper attempt by the Nominal Defendants to dissipate their lone asset to become judgment proof in advance of a judgment against them in the Original Action. US Income Partners is seeking more than $30 million in damages in the New York litigation and, with judgment against the Nominal Defendants looming, the Nominal Defendants sold off their sole asset that would have been available to satisfy the judgment. This textbook fraudulent transfer threatens US Income Partners' ability to recover damages to which it will be entitled at the close of the Original Action.

14. At every turn, Defendants CH Realty, Acore, and JLL knew, or should have known, with basic due diligence, of US Income Partners' pending claims against the Nominal Defendants. And they had to have ignored multiple red flags during the process leading up to the Sale Transaction that would have clearly revealed that the Nominal Defendants did not have the authority to sell the Property. Defendants CH Realty, Acore, and JLL consummated the deal anyway and Defendant CH Realty purportedly took ownership of the Property with Defendant JLL taking over the mortgage rights.

15. US Income Partners, therefore, brings this lawsuit under the Florida Uniform Fraudulent Transfer Act for the avoidance of the transfer of the Property to Defendants CH Realty and JLL to the extent necessary to satisfy US Income Partners' claims and/or an attachment or

other provisional remedy against the Property or other property of Defendants CH Realty and JLL. US Income Partners also seeks a judgment against Defendant CH Realty for unjust enrichment for its continued ownership of the Property without payment to US Income Partners. US Income Partner also seeks a judgment against Defendant Acore for aiding and abetting the Nominal Defendants' fraudulent actions.

## PARTIES

16. Plaintiff US Income Partners, LLC ("US Income Partners") is a lender that specializes in providing short-term, hard asset-based loans to individuals and entities seeking to acquire, develop, and rehabilitate commercial real estate. US Income Partners is a New York limited liability company that maintains its principal place of business at 3445 Winton Place, Suite 228, Rochester, New York 14623. The sole member of US Income Partners is US Assistance Fund, Inc. Paul Adams, who resides in, and is a citizen of, New York, is the sole shareholder of US Assistance Fund, Inc.

17. Defendant CH Realty X-Hilltop MF Tampa Mystic Pointe Holdings, L.L.C. ("CH Realty") is a Delaware limited liability company with its principal place of business at 3819 Maple Avenue, Dallas, TX 75219. Defendant CH Realty is registered as a foreign limited liability company in the State of Florida and purports to own (as a result of a fraudulent transfer) the real property located at 2670 Aventura Boulevard and 2770 Mystic Pointe Pkwy, Land O'Lakes, Florida 34638. Upon information and belief, Defendant CH Realty is a subsidiary of Hilltop Residential, LLC, a Texas limited liability company. Upon information and belief, the members of Hilltop Residential, LLC are citizens of Texas.

18. Defendant Acore Capital Mortgage, LP ("Acore") is a Delaware limited partnership with its principal place of business at 80 E. Sir Francis Drake Boulevard, Suite 2A, Larkspur, California 94939. Upon information and belief, the general partners of Acore are citizens of the State of California.

19. Defendant JLL Real Estate Capital, LLC ("JLL") is a Delaware limited liability company with its principal place of business at 7 Youngman Avenue, St. Paul, Minnesota 55116. Upon information and belief, the members of JLL are citizens of the State of Illinois.

20. Nominal Defendant Cypress Pointe FL Holdings, LLC ("Cypress Pointe") is a New York limited liability company with its principal place of business at 5360 Genesee Street, Suite 201, Bowmansville, New York 14026.

21. Nominal Defendant Mystic Pointe FL, LLC ("Mystic Pointe") is a Delaware limited liability company with a principal place of business at 5360 Genesee Street, Ste 201, Bowmansville, New York 14026.

## JURISDICTION

22. The United States District Court for the Middle District of Florida possesses diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. US Income Partners' beneficial owner, Paul Adams, is a citizen of New York. Defendant CH Realty is a Delaware limited liability company registered as a foreign limited liability company in Florida. Upon information and belief, Defendant CH Realty is a subsidiary of Hilltop Residential, LLC, a Texas limited liability company. Upon information and belief, the members of Hilltop Residential, LLC are citizens of Texas. Upon information and belief, the general partners

of Defendant Acore are citizens of the State of California. Upon information and belief, the members of Defendant JLL are citizens of the State of Illinois.

23.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims relate to the Property, which is located in this district.

## FACTUAL ALLEGATIONS

### A. US Income Partners' Loan and the Note

24.     On May 9, 2018, US Income Partners loaned Cypress Pointe the principal sum of $10 million, pursuant to the Note. *See* Note attached hereto as **Exhibit C**.

25.     At the time, Cypress Pointe's six members were 2012 JCG Holdings LLC, Hanania Family Partnership, L.P., Lakewood Management Services, LLC, CFLA, LLC, GPC Holdings LLC, and The Robert Morgan Limited Partnership III (collectively, "Original Members").

26.     The Note set forth a maturity date of June 1, 2020, at which point Cypress Pointe was "absolutely and unconditionally" required to repay the Note's "remaining principal balance," plus "accrued interest," "late fees," and attorneys' fees "without regard to counterclaim or set off." *Id*. ¶¶ 6, 7, 12.

27.     The Note is clear: Cypress Pointe is (1) prohibited from effecting any "material adverse change" to its "assets, liabilities, financial condition, or business;" (2) required to confirm that its representations to US Income Partners of its assets and liabilities remain "true, accurate, and complete in all material respects;" and (3) required to provide US Income Partners with its "most current accurate financial statement and tax returns" (collectively, the "Financial Obligations"). *Id*. ¶¶ 15 (c)-(d); (g)).

9

28. To induce US Income Partners to issue the Note, on or about May 9, 2018, Cypress Pointe provided US Income Partners with a copy of its Operating Agreement dated May 17, 2017 (the "Operating Agreement"). *See* Operating Agreement attached hereto as **Exhibit D**.

29. The Operating Agreement provided that Cypress Pointe was owned by six (6) Members – the Original Members.

30. On or about May 9, 2018, the Original Members and other officers of Cypress Pointe (collectively, the "Cypress Guarantors"), in order to induce US Income Partners to loan the $10 million, executed a Guaranty pursuant to which the Cypress Guarantors personally guaranteed Cypress Pointe's full payment of the Note "without regard to any counterclaim, setoff, deduction, or defense of any kind" (the "Guaranty"). *See* Guaranty, attached hereto as **Exhibit E**.

31. The Guaranty is clear: US Income Partners holds "a lien, right of set off, [and] a continuing security interest in and to any and all" of the Cypress Guarantors' "accounts, deposits, and property" until (and unless) the Note is repaid. Ex. C ¶ 8.

32. Further: the Cypress Guarantors are required to perform the Financial Obligations to US Income Partners until (and unless) US Income Partners terminates the Guaranty in its "sole and absolute discretion," (*id*. ¶ 13), and irrespective of whether the Note is "unenforceable" or invalid for "any reason." (*Id*. ¶¶ 2-3).

33. As further security for the Note, on or about May 9, 2018, the Original Members executed Pledges and Assignments of Membership Interest and Security Agreements in Cypress Pointe FL Holdings, LLC (collectively, the "Original Assignments") pursuant to which the Original Members assigned their respective membership interests in and ownership rights to Cypress Pointe (collectively, the "Membership Interests") to US Income Partners as US Income

Partners' sole collateral for the Note (the "<u>Collateral</u>"). *See* Original Assignments attached hereto as **Exhibit F**.

34. The Original Assignments and the Note are equally clear: Cypress Pointe and the Original Members are prohibited from amending the Operating Agreement or transferring any portion of the Membership Interests "to any person or entity" without US Income Partners' prior written consent. Ex. A ¶ 16 (h); Ex. D ¶ 13.

**B. <u>Despite Lacking Authority, the Nominal Defendants Sell the Property</u>**

35. The Nominal Defendants sold the Property to Defendant CH Realty on May 22, 2024 and have now fully depleted the assets of Nominal Defendants that had been available to satisfy the Debt.

36. Given the Nominal Defendants' default under the Note, US Income Partners sought to exercise its rights under the Original Assignments and assume ownership and control of Cypress Pointe. Cypress Pointe refused to comply and, as a result of the justiciable issue of the enforceability of the Original Assignments, in the Original Action, Cypress Point asserted a declaratory judgment claim against US Income Partners seeking a declaration "cancelling the assignments." Despite the fact that there has been no resolution of Cypress Pointe's claim for a declaratory judgment, and ultimately whether the members of Cypress Pointe can act on behalf of Cypress Point as a result of the Original Assignments, Cypress Pointe, through its members, authorized the sale of the Property to Defendant CH Realty without written notice to, and without the consent of, US Income Partners.

37. According to the Special Warranty Deed, the Sale Transaction was for $10 – although the Florida land records indicate the Property sold for $62 million. The Property, therefore, was either sold without receiving fair consideration, or Cypress Pointe has left the entity

with no tangible assets and upon information and belief the proceeds of the Sale Transaction have been secreted by the Nominal Defendants.

### C. Defendants CH Realty, Acore, and JLL Knew or Should Have Known of US Income Partners' Claims

38. Defendant CH Realty is not a good faith purchaser and knew or should have known of US Income Partners' claims against the Nominal Defendants, that US Income Partners was the assignee of 100% of the membership interests in Cypress Pointe, and US Income Partners' other security in the Property.

39. Defendant JLL now purportedly holds a secured interest – via a recorded mortgage – in the Property, despite the fact that they knew or should have known of US Income Partners' claims against the Nominal Defendants, that US Income Partners was the assignee of 100% of the membership interests in Cypress Pointe, and US Income Partners' other security in the Property.

40. Upon information and belief, Defendants CH Realty and JLL failed to conduct an abstract, title search, or other pending litigation search of the Nominal Defendants. A reasonable search would have revealed the Original Action between US Income Partners, the Nominal Defendants, and other related parties concerning the Debt and control of Nominal Defendant Cypress Pointe and the Property. Such case had been pending for four years prior to the date of the Sale Transaction. A reasonable search would have also revealed another litigation (since withdrawn) related to a new mortgage placed on the property: *US Income Partners, LLC v. Acore Capital Mortgage, LP*, United States District Court for the Middle District of Florida, Case No. 8:20-cv-01020-SDM-SPF (the "Prior Acore Lawsuit").

41. As a result of the Prior Acore Lawsuit, Defendant Acore knew of US Income Partners' claims against the Nominal Defendants, that US Income Partners was the assignee of 100% of the membership interests in Cypress Pointe, and US Income Partners' other security in

the Property. Despite this knowledge, Defendant Acore, working in concert with the Nominal Defendants and Defendant JLL, effectuated the Sale Transaction (without any notice to US Income Partners) by assigning the mortgage on the Property to Defendant JLL for virtually no consideration. Defendant Acore knew that Nominal Defendants did not have the authority to sell the Property. Defendant Acore's conduct actively facilitated the Nominal Defendants' fraudulent transfer of the Property to Defendant CH Realty.

42. Upon information and belief, Defendants CH Realty and JLL failed to properly analyze the Nominal Defendants' authority (*vel non*) to sell and transfer the Property. A reasonable due diligence effort would have revealed that the Original Members had assigned 100% of the membership interests in Nominal Defendant Cypress Pointe to US Income Partners and, accordingly, could not act without notice to, or with the consent of, US Income Partners.

43. Upon information and belief, Defendants CH Realty and JLL assumed the Nominal Defendants' mortgage on the Property and knew or should have known of the Debt owed to US Income Partners and US Income Partners' pending claims related to control of Nominal Defendant Cypress Pointe and the Property.

44. Upon information and belief, Defendants CH Realty and JLL failed to instruct their title and/or escrow agent to ensure that any and all debts related to the Property were properly reflected on the closing statement and that US Income Partners was paid as a result of the Sale Transaction.

45. Upon information and belief, Defendants CH Realty, Acore, and JLL knew or should have known that Nominal Defendants' (holding the Property in a single-purpose entity) intended purpose of selling the Property was to render themselves insolvent to avoid payment to

US Income Partners, siphon away the proceeds of the Sale Transaction, and otherwise frustrate US Income Partners' ability to collect on the Debt.

46. Defendants CH Realty and JLL were on actual or constructive notice of US Income Partners' claims, were the transferees of a fraudulent transfer by the Nominal Defendants, and the Sale Transaction must now be avoided.

## COUNT I
### Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726
### (Against Defendants CH Realty and JLL)

47. US Income Partners repeats and incorporates by reference all allegations set forth in Paragraphs 1 through 46 above.

48. At all times relevant to the Sale Transaction, the Nominal Defendants owed a debt to US Income Partners, including, without limitation, the debt evidenced by the Note, which Cypress Pointe was required to repay to US Income Partners.

49. At the time of the Sale Transaction, Nominal Defendant Cypress Pointe had incurred or reasonably believed it had incurred debts beyond its ability to pay, including without limitation the Debt evidenced by the Note.

50. Upon information and belief, the Nominal Defendants completed the Sale Transaction with the actual intent to defraud US Income Partners, which seeks more than $30 million in principal, interest, legal fees, and other expenses and fees based upon the loan it made to Cypress Pointe.

51. In the alternative, the Nominal Defendants completed the Sale Transaction without receiving a reasonably equivalent value in exchange for the sale of the Property.

52. The Nominal Defendants effectively implemented the Sale Transaction to prevent US Income Partners from collecting the Debt it is undisputedly owed.

53. Defendant CH Realty is the transferee in a fraudulent transfer by taking purported ownership in the Property.

54. Defendant JLL is the transferee in a fraudulent transfer by taking a purported secured mortgage interest in the Property.

55. Defendants CH Realty and JLL knew, or should have known, of US Income Partners' assignment of membership interests, its claims against the Nominal Defendants, and the Debt owed by Nominal Defendant Cypress Pointe to US Income Partners. Defendants CH Realty and JLL failed to conduct basic due diligence concerning Nominal Defendant Cypress Pointe's authority (*vel non*) to sell the Property and instead accepted transfer of the Property and the mortgage to the detriment of US Income Partners.

56. US Income Partners has been damaged by the Sale Transaction and has no adequate remedy at law.

WHEREFORE, As a result of the foregoing, pursuant to Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726, US Income Partners is entitled to a judgment against Defendants CH Realty and JLL: (a) avoiding the Sale Transaction to the extent necessary to satisfy US Income Partner's claims for repayment of the Debt; (b) an attachment or other provisional remedy against the Property or other property of Defendants CH Realty and JLL; (c) an injunction against further disposition by Defendant CH Realty of the Property or of other property; (d) appointment of a receiver to take charge of the Property or of other property of Defendants CH Realty and JLL; and (e) any other such relief as the Court deems appropriate

**COUNT II**
**Unjust Enrichment**
**(Against Defendant CH Realty)**

57. US Income Partners repeats and incorporates by reference all allegations set forth in Paragraphs 1 through 56 above.

58. The Nominal Defendants conferred a benefit to Defendant CH Realty in the form of transferring the Property that was in violation of the Note and the assignment of membership interests to satisfy the Debt owed by the Nominal Defendants to US Income Partners.

59. Defendant CH Realty knowingly and voluntarily accepted and retained the benefit of ownership of the Property.

60. The circumstances are such that it would be inequitable and unjust for Defendant CH Realty to retain the benefit conferred by the Nominal Defendants without paying US Income Partners the Debt secured by the membership interests in Cypress Pointe and ultimately the Property.

61. Defendant CH Realty knew or should have known that the Sale Transaction was for the purpose of leaving Nominal Defendants insolvent and otherwise hindering, delaying, and frustrating US Income Partners' ability to collect on the Debt.

62. Defendant CH Realty has been unjustly enriched at the expense of US Income Partners.

63. US Income Partners is entitled to the return of those amounts in which Defendant CH Realty was unjustly enriched through disgorgement or return of the Property for US Income Partners' benefit.

WHEREFORE, as a result of the foregoing, US Income Partners is entitled to a judgment against Defendant CH Realty: (a) in an amount in excess of $75,000 and to be determined at trial; (b) a constructive trust over the Property to the extent necessary to satisfy the Debt; and (c) any other such relief as the Court deems appropriate.

## COUNT III
### Aiding and Abetting Fraud
### (Against Defendant Acore)

64. US Income Partners repeats and incorporates by reference all allegations set forth in Paragraphs 1 through 63 above.

65. At all times relevant to the Sale Transaction, the Nominal Defendants owed a debt to US Income Partners, including, without limitation, the debt evidenced by the Note, which Cypress Pointe was required to repay to US Income Partners.

66. At the time of the Sale Transaction, Nominal Defendant Cypress Pointe had incurred or reasonably believed it had incurred debts beyond its ability to pay, including without limitation the Debt evidenced by the Note.

67. At the time of the Sale Transaction, Nominal Defendants knew US Income Partners was the rightful owner of 100% of the membership interests in Nominal Defendant Cypress Pointe. Accordingly, at the time of the Sale Transaction, Nominal Defendants knew they lacked authority to act on behalf of Nominal Defendant Cypress Pointe to sell the Property.

68. Nominal Defendants sold the Property anyway without notice to, or with the consent of, US Income Partners. Nominal Defendants' conduct was fraud by omission.

69. The Nominal Defendants completed the Sale Transaction with the actual intent to defraud US Income Partners, which seeks more than $30 million in principal, interest, legal fees, and other expenses and fees based upon the loan it made to Nominal Defendant Cypress Pointe.

70. The Nominal Defendants effectively implemented the Sale Transaction to prevent US Income Partners from collecting the Debt it is undisputedly owed.

71. Defendant Acore knew that the sole purpose of the Sale Transaction was for the Nominal Defendants to defraud US Income Partners by selling off their only asset prior to the entry of a potential judgment in the Original Action.

72. As a result of the Prior Acore Case, Defendant Acore knew that, pursuant to the Original Assignments, US Income Partners was the only party that could act for Nominal Defendant Cypress Pointe and the only party that could authorize a sale of the Property. Instead of notifying US Income Partners, Defendant Acore actively participated in the Sale Transaction.

73. Defendant Acore provided substantial assistance to the commission of Nominal Defendants' fraud by participating in the Sale Transaction and transferring the mortgage from Defendant Acore to Defendant JLL for virtually no consideration and with the knowledge that the Nominal Defendants did not have the authority to sell the Property.

74. US Income Partners has suffered substantial injury as a result of Defendant Acore's conduct in aiding and abetting the Nominal Defendants' fraud.

WHEREFORE, as a result of the foregoing, US Income Partners is entitled to a judgment against Defendant Acore: (a) in an amount in excess of $75,000 and to be determined at trial; and (b) any other such relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff US Income Partners demands a trial by jury in this action on all issues so triable.

Dated: March 5, 2026

Respectfully submitted,

**HUGHES HUBBARD & REED LLP**

By:  /s/ Meaghan Gragg
Meaghan Gragg
201 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Tel: (305) 423 8904
E-mail: meaghan.gragg@hugheshubbard.com

Jeremy W. Schulman (*pro hac vice* forthcoming)
Koushik Bhattacharya (*pro hac vice* forthcoming)
1775 I Street
Washington, DC 20006
Tel: (202) 721-4600
E-mail: jeremy.schulman@hugheshubbard.com
           koushik.bhattacharya@hugheshubbard.com

*Counsel for Plaintiff US Income Partners, LLC*

19