IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

US INCOME PARTNERS, LLC

     *Plaintiff*,

  vs.

CH REALTY X-HILLTOP MF TAMPA MYSTIC
POINTE HOLDINGS, L.L.C., *et al.*

     *Defendants,*

CYPRESS POINTE FL HOLDINGS, LLC, *et al.*

     *Nominal Defendants*.

Case No. 8-26-cv-00591-KKM-SPF

## US INCOME PARTNERS, LLC'S RESPONSE TO SHOW CAUSE
## FOR WHY THE COURT HAS SUBJECT MATTER JURISDICTION

Plaintiff US Income Partners, LLC ("US Income Partners"), by and through undersigned counsel, hereby files its Response to Show Cause for why this Court has subject matter jurisdiction over the instant lawsuit.

## PRELIMINARY STATEMENT

Neither Cypress Pointe FL Holdings, LLC ("Cypress Pointe") nor Mystic Pointe FL, LLC ("Mystic Pointe" and, collectively with Cypress Pointe, the "Cypress Pointe Parties") is a necessary or indispensable party to this case. US Income Partners is not seeking any relief against the Cypress Pointe Parties in this action and, in fact, already is involved in separate litigation against the Cypress Pointe Parties in New York. This Court will be able to enter a judgment in this case that would not be inequitable to US Income Partners, even if the Cypress Point Parties were absent. The Cypress Pointe Parties are, thus, nominal defendants, and, therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

This case focuses on the actions of Defendants CH Realty X-Hilltop MF Tampa Mystic Pointe Holdings, L.L.C. ("CH Realty"), Acore Capital Mortgage, LP ("Acore"), and JLL Real Estate Capital, LLC ("JLL" and, together with CH Realty and Acore, the "Defendants") in facilitating the purchase from the Cypress Pointe Parties, by way of a Special Warranty Deed, the real property located at 2770 Mystic Pointe Pkwy, Land O'Lakes, Florida 34638 ("Property").[1] Such Property was the Cypress Pointe Parties' lone asset available to satisfy the unpaid $10 million promissory note that Cypress Pointe signed in favor of US Income Partners on May 9, 2018 (the "Note"). After becoming aware of the Sale Transaction, US Income Partners sued the Cypress Pointe Parties in New York for this unauthorized sale. *US Income Partners, LLC v. Cypress Pointe FL Holdings, LLC, et al.*, Supreme Court of New York, Monroe County, Index No. E2025008733.

In this new Florida action, however, US Income Partners pursues remedies solely against CH Realty, Acore, and JLL, who acted with knowledge or ignored red flags and permitted the Sale Transaction to proceed despite US Income Partners' pending claims against the Cypress Pointe Parties and the Cypress Pointe Parties' lack of authority to sell the Property. US Income Partners is a citizen of New York and CH Realty, Acore, and JLL are all citizens of states other than New York. In short, these non-New York Defendants knew, or should have known, that US Income Partners held 100% of the membership interests in the entity ultimately owning the Property and, thus, the Sale Transaction could not lawfully be consummated without US Income Partners' consent. Nevertheless, they proceeded with the Sale Transaction without informing US Income Partners, thereby engaging in a fraudulent conveyance.

---

[1] As noted in the Complaint, US Income Partners refers to the purported sale of the Property as the "sale" or "Sale Transaction" because the Florida land records reflect that a sale has occurred. US Income Partners, however, challenges the validity of that sale and, by this action, seeks to have it set aside, among other remedies.

**FACTUAL BACKGROUND**

This action is US Income Partners' latest step in its long-running quest to recover funds it loaned but – because of the malfeasance of computer hackers, the negligence of a title company, and various breaches of promises to pay – never received back.

A lender that provides short-term loans to entities seeking to acquire and develop commercial real estate, US Income Partners loaned Cypress Pointe approximately $10 million (the "Loan") pursuant to the Note. The Loan was for development of the Property. Cypress Pointe, however, did not pay back the loan, as hackers induced Cypress Pointe's title company to send the repayment to fraudulent accounts in Mexico.

US Income Partners filed suit in the Supreme Court of New York, Monroe County (*US Income Partners, LLC v. Cypress Pointe FL Holdings, LLC, et al.*, Index No. E2020002755) ("Original Action"), asserting, *inter alia*, claims for breach of contract against Cypress Pointe (for various breaches, including but not limited to failing to re-pay the Note); breach of contract against those parties that executed an "absolute and unconditional" Guaranty related to the Note dated May 9, 2018 ("Guaranty") (for failure to re-pay the Note); and (in the alternative) breach of contract against Cypress Pointe and its original members (for failing to acknowledge transfer of ownership of the membership Interests in Cypress Pointe to US Income Partners after multiple breaches of the loan documents pursuant to Assignments of Membership Interests in Nominal Defendant Cypress Pointe).

In early March 2025, while litigation in the Original Action was ongoing, US Income Partners became aware of distressing news: the Cypress Pointe Parties sold their one and only asset that is the subject of this litigation – the Property – to Defendant CH Realty. The Special Warranty Deed, filed in Florida, was prepared by Cypress Pointe's counsel of record in the Original Case,

3

who thus facilitated the Sale Transaction despite being fully aware of the pending claims against Cypress Pointe and Cypress Pointe's contractual obligations that now clearly have been violated.

In addition, US Income Partners learned that on May 22, 2024, to effectuate the Sale Transaction, Acore assigned to JLL the more than $40 million mortgage that was secured by the Property. Acore and JLL's conduct allowed the Cypress Pointe Parties to secretly transfer the Property without notice to US Income Partners or payment of any kind. JLL paid no consideration to Acore for the assignment and no documentary stamp taxes were paid in the Sale Transactions.

This sale lacked legal authority because only US Income Partners, as the owner of 100% of the membership interests in Cypress Pointe, could have authorized the sale. The sale also violated the parties' contractual agreements and, furthermore, was an improper attempt by the Cypress Pointe Parties to dissipate their lone asset to become judgment proof in advance of a likely judgment against them in the Original Action. US Income Partners is seeking more than $30 million in damages, and, with that possibility looming, Cypress Pointe sold off US Income Partners' lone collateral. US Income Partners sued the Cypress Pointe Parties over these issues in New York.

Here, however, US Income Partners seeks relief solely from the non-New York Defendants, who knew – or should have known, with basic due diligence – of US Income Partners' ownership of 100% of the membership interests in Cypress Pointe and its pending claims against the Cypress Pointe Parties. Defendants failed to conduct a complete abstract, title search, or other pending litigation search of the Cypress Pointe Parties. A reasonable search would have revealed the Original Action between US Income Partners, the Cypress Pointe Parties, and other related parties concerning the Debt, control of Cypress Pointe, and the Property. Such case had been pending for four years prior to the date of the Sale Transaction. A reasonable search would have

also revealed another litigation (since withdrawn) related to a new mortgage placed on the property: *US Income Partners, LLC v. Acore Capital Mortgage, LP*, United States District Court for the Middle District of Florida, Case No. 8:20-cv-01020-SDM-SPF (the "Prior Acore Lawsuit"). Thus, Acore knew of US Income Partners' claims against the Cypress Pointe Parties, that US Income Partners was the assignee of 100% of the membership interests in Cypress Pointe, and US Income Partners' other security in the Property. Despite this knowledge, Defendants consummated the deal anyway, and CH Realty purportedly took ownership of the Property with JLL taking over the mortgage rights.

As such, US Income Partners brought this lawsuit under the Florida Uniform Fraudulent Transfer Act for the avoidance of the transfer of the Property to Defendant CH Realty to the extent necessary to satisfy US Income Partners' claims and/or to secure an attachment or other provisional remedy against the Property or other property of Defendant CH Realty. US Income Partners named the Cypress Pointe Parties only as nominal defendants.

## **LEGAL STANDARD**

This Court has original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a). Generally, diversity jurisdiction "requires complete diversity – every plaintiff must be diverse from every defendant," *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Federal courts, however, "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980).

This Court has acknowledged "there is no bright-line rule" for distinguishing between real and nominal parties. *Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 566 F. App'x 796, 799 (11th Cir. 2014) (per curiam) (unpublished). In *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970), [] we defined "nominal or formal parties" as those that are "neither necessary nor indispensable" to the action. *Id.* at 327. We also said "[t]he ultimate test" for whether a defendant is nominal is "whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id.* (quotation omitted and alteration adopted).

*Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

## ARGUMENT

Subject matter jurisdiction in this case is proper in the Middle District of Florida because there is complete diversity of citizenship among the real parties in interest: US Income Partners (New York), on the one hand, and CH Realty, Acore, and JLL (non-New York), on the other hand. The Cypress Pointe Parties are disregarded for subject matter jurisdiction purposes because they are merely nominal parties, and the Court can enter judgment in their absence that will not be inequitable to US Income Partners.

The Eleventh Circuit does not employ a "bright-line rule" to determine if a party is real or nominal, but it "has provided some guidance." *Thomas Mach., Inc. v. Everest Nat'l Ins. Co.*, No. 20-60459-CIV-ALTMAN/Hunt, 2020 WL 2616193, *4 (S.D. Fla. May 21, 2020).

*First*, nominal parties are "neither necessary nor indispensable" to the action. The "ultimate test," in this sense, is "whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Second*, nominal parties either do not have a "real or substantial stake in the litigation" or do not exercise "substantial control over the litigation."

*Id.* (internal citations omitted) (emphasis in original). *See also Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen & Assistants' Local349, et al.*, 427 F.2d 325, 327 (5th Cir. 1970) (stating that the

test for an indispensable party is whether the court can with equity and good conscience enter a fair final judgment in the absence of the party, and that "[t]he question of whether or not a named defendant is a nominal party depends on the facts in each case"). Here, the facts of the case demonstrate that the Cypress Pointe Parties are truly nominal defendants.

### A. The Court Can Enter Equitable Final Judgment Without the Cypress Pointe Parties.

The Cypress Pointe Parties pass the "ultimate test," as this Court could enter a final judgment consistent with equity and good conscience without the Cypress Pointe Parties. Unlike in the *Thermoset* case, where the court found that the absence of the party in question "would have put Thermoset at risk of receiving inadequate relief," 849 F.3d at 1318, such is not the case here. The absence of the Cypress Pointe Parties does not raise that risk for any of US Income Parties' causes of action. Simply put, US Income Partners is not seeking any relief from the Cypress Pointe Parties in this action. In fact, those entities would not be proper defendants for US Income Partners' fraudulent conveyance claim. As such, a claim is appropriately directed to the transferee of property, not the transferor:

> A fraudulent conveyance action is an action by a creditor against a transferee directed against a particular transaction, which, if declared fraudulent, is set aside thus leaving the creditor free to pursue the asset, or it is an action against a transferee who has received an asset by means of a fraudulent conveyance and should be required to either return the asset or pay for the asset (by way of a judgment and execution). ***A fraudulent conveyance action, under section 726.108 is not an action against a debtor for failure to pay an amount owing from a prior judgment***.

*Gen. Electric Co. v. Chuly Int'l, LLC*, 118 So.3d 325, 327 n.1 (Fla. 3d DCA 2013) (citing *Yusem v. S. Fla. Water Mgmt. Dist.*, 770 So.2d 746, 749 (Fla. 4th DCA 2000) (emphasis added).

The Court in *BluestarExpo, Inc. v. Enis*, , made a similar point: "[T]he focus of the UFTA is a transfer by a debtor of assets or obligations 'that could have been applicable to payment of the

debt due,' separate and apart from the transaction that resulted in the debt in the first place." 568 F. Supp. 3d 1332, 1345 (S.D. Fla. 2021)  (internal citations omitted). The Eleventh Circuit, in *SuVicMon Dev., Inc. v. Morrison*,  came to the same conclusion, applying the analogous Alabama Uniform Fraudulent Transfer Act and determining that the transferor is not a necessary party:

> Under the AUFTA, a fraudulent transfer plaintiff can bring suit against the transferee directly. *See* Ala. Code § 8-9A-8(b) (providing that judgment may be entered against the first transferee and certain subsequent transferees). While the transferor is "a proper party" to the fraudulent transfer action, Alabama law is clear that "[i]f the transfer passes the legal title, ***the grantor is not a necessary party***." *Gilmore, Farris & Assocs., Inc. v. Pickens Cnty. Nursing Home, Inc.*, 292 Ala. 610, 298 So. 2d 604, 606 (Ala. 1974).

991 F.3d 1213, 1225 (11th Cir. 2021) (emphasis added).

Here, therefore, US Income Partners' fraudulent transfer claim is properly brought against CH Realty and JLL – the transferees of the fraudulent transfer – rather than the transferor. *See also Edwards v. Airline Support Group, Inc.*, 138 So. 3d 1209, 1211 (Fla. 4th DCA 2014) ("In general, actions under section 726.108 are brought against a recipient or transferee of assets or property, and not a transferor.").  Importantly, the Cypress Pointe Parties no longer hold title to the Property. Those rights are now purportedly held by CH Realty and JLL (with its mortgage). Accordingly, the Cypress Pointe Parties – as grantors and transferors – are not necessary parties.

The same can be said for US Income Partner's claims for Unjust Enrichment against CH Realty (Count II) and Aiding and Abetting Fraud against Acore (Count III). The Court may enter judgments on both of those claims consistent with equity and good conscience, which would not be in any way unfair or inequitable to US Income Partners, and the claims do not require the Court to render any judgments against the Cypress Pointe Parties.

**B. The Cypress Pointe Parties Lack Real Stake in and Control Over This Litigation.**

The Cypress Pointe Parties have neither a real stake in this litigation nor any control over it. They no longer hold title to the Property, US Income Partners has not named them in any of the causes of action, and none of US Income Partners' claims for relief seeks damages from or equitable relief against the Cypress Pointe Parties. "In short, a nominal defendant is one 'against whom no real relief is sought.'" *Multiplan USA Corp. v. Walthem Assets, Ltd.*, No. 16-60207-CIV-WILLIAMS, 2016 BL 530468, *3 (S.D. Fla. Mar. 22, 2016) (quoting *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002).

## CONCLUSION

For the reasons explained herein, Cypress Pointe FL Holdings, LLC and Mystic Pointe FL, LLC are neither necessary nor indispensable to this action, and full relief can be accorded to US Income Partners, LLC in their absence. As such, Cypress Pointe FL Holdings, LLC and Mystic Pointe FL, LLC are nominal parties that do not factor into whether diversity jurisdiction exists in this Court. Because there is complete diversity with respect to the remaining parties in interest, US Income Partners, on the one hand, and CH Realty, Acore, and JLL, on the other hand, subject matter jurisdiction in this Court is proper.

Dated: March 20, 2026

Respectfully submitted,

**HUGHES HUBBARD & REED LLP**

By:   /s/ Meaghan Gragg

Meaghan Gragg
201 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
E-mail: meaghan.gragg@hugheshubbard.com

Jeremy W. Schulman (*pro hac vice* forthcoming)
Koushik Bhattacharya (*pro hac vice* forthcoming)
1775 I Street
Washington, DC 20006
Tel: (202) 721-4600
E-mail: jeremy.schulman@hugheshubbard.com
        koushik.bhattacharya@hugheshubbard.com

*Counsel for Plaintiff US Income Partners, LLC*

10